FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 23, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>QUINTON A. BROWN,<br><br>Defendants. | Nos. 2:23-CR-00002-RMP-3<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE TO ALLOW FURLOUGH TO INPATIENT TREATMENT AND STRIKING HEARING<br><br>**MOTION DENIED**<br>**(ECF No. 278)** |

Before the Court is Defendant's Motion to Modify Conditions of Release to Allow Furlough to Inpatient Treatment. **ECF No. 278**. Specifically, Defendant seeks **release to ABHS, an inpatient substance abuse treatment facility on June 23, 2023, at 1:00 p.m.** to avail himself of substance abuse treatment. The United States does not oppose Defendant's motion and U.S. Probation has no position and defers to the Court.

The Court has reviewed Defendant's Motion to Modify Conditions of Release to Allow Furlough to Inpatient Treatment, **ECF No. 278**, and is fully informed.

The Court previously found that Defendant is "unlikely to abide by any conditions or combination of conditions of pretrial release." 18 U.S.C. § 3148(b)(2)(B); *United States v. Gotti,* 794 F.2d 773, 777 (2nd Cir. 1986) (the

ORDER - 1

1  alternative finding that Defendant is unlikely to comply with available release
2  conditions need only be established by a preponderance of the evidence). ECF
3  No. 192 at 2-3. The Court's prior findings were based on Defendant's prior
4  admissions to numerous violations of the conditions of his pretrial release. *Id*.
5  Notably, Defendant's admitted violations of his pretrial release involved his
6  repeated use of controlled substances while previously engaged in inpatient
7  substance abuse treatment at Pioneer Center East only a month ago, all of which
8  culminated in Defendant's unsuccessful discharge from inpatient substance abuse
9  treatment at Pioneer Center East. ECF No. 165. Accordingly, Defendant has
10 already had an opportunity to attend inpatient substance abuse treatment while
11 awaiting trial and was unsuccessful.

On the record before Court, the Court can divine no reason why the Court's prior finding that Defendant is "unlikely to abide by any conditions or combination of conditions of pretrial release" is no longer valid. ECF No. 192 at 2-3. Defendant was afforded precisely the opportunity he now requests a month ago and Defendant repeatedly used controlled substances while attending inpatient substance abuse treatment. Defendant's prior actions obviously undermined his own potential for success at inpatient treatment and almost certainly negatively impacted other participants struggling to maintain their own sobriety.

The Court also notes and has considered that the Government apparently does not oppose Defendant's motion. It is entirely unclear to the Court why the Government would agree to Defendant's motion on this record, but the Court has nonetheless considered the Government's position.

Accordingly, **IT IS ORDERED:**

1. The Defendant's Motion to Modify Conditions of Release to Allow Furlough to Inpatient Treatment, **ECF No. 278,** is **DENIED and the hearing**

ORDER ~ 2

**currently scheduled for <u>June 26, 2023, at 1:30 p.m. is STRICKEN</u>**. Defendant shall be held in detention pending disposition of this case or until further order of the court.

    2.    Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

    3.    Defendant shall be afforded reasonable opportunity for private consultation with counsel.

    4.    If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

    5.    If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district

ORDER - 3

judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED June 23, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4